UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CLYDE TERRY and ANNE TERRY,

        Plaintiffs,

    v.

THE TRAVELERS INSURANCE CO.,
KENNEL PAK, GENTZLER & SMITH
ASSOCIATES, INC., et al.,

        Defendants.

NO. CIV. S 04-2314 MCE GGH

MEMORANDUM AND ORDER

----oo0oo----

    Defendants Kennel Pak and Gentzler & Smith Associates, Inc.,
(collectively "Defendants" or "Brokers") have asked this Court to
dismiss the breach of contract, negligence, fraud, and negligent
misrepresentation claims asserted by Plaintiffs Clyde and Anne
Terry (collectively "Plaintiffs") pursuant to Federal Rule of
Civil Procedure 12(b)(6).[1]  Alternatively, Defendants seek relief
under Rules 12(e).  Defendants have also asked the Court to

---

[1]  Unless otherwise stated, all further references to a
"Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

strike portions of Plaintiffs' complaint pursuant to Rule 12(f). For the reasons discussed below, Defendants' motion to dismiss is GRANTED in part and DENIED in part.  Defendants' motion to strike is GRANTED in part and DENIED in part, as discussed below.

## BACKGROUND[2]

Plaintiffs are commercial real estate lessors in Dixon, California.  On April 30, 2001, Plaintiffs entered into a written lease agreement ("the Lease") with Alan and Karen Levens ("the Levens"), who run a dog boarding and training business known as Alan's Canine Training & Kennel.  The Lease required the Levens to obtain an insurance policy that 1) provided coverage for liabilities arising out of the Levens' use of the leased premises and 2) named Plaintiffs as additional insureds.  (Compl. at 4.)

On March 8, 2001, before signing the lease, the Levens applied to Defendants[3] for the requisite insurance.  In response to a question on the insurance application, the Levens indicated that they planned to conduct "Obed. Schutzhund" training. Schutzhund training consists of tracking, obedience, and protection training for various kinds of dogs.  Plaintiffs had no knowledge of details of the transaction between the Levens and

---

[2] Some of the factual allegations as set forth in this section are disputed by the parties.  To the extent either party has interposed objections, those objections are overruled unless otherwise noted.

[3] As alleged by Plaintiffs, Defendants are independent corporations doing business together as an agent of Travelers Insurance Company ("Travelers").

Defendants, other than the fact that it had occurred.  (Compl. at 4-5.)

On April 24, 2001, as a result of Defendants' efforts, Travelers issued an insurance policy to the Levens, which 1) covered the Levens for liabilities arising out of their use of the leased premises, and 2) named Plaintiffs as additional insureds.  Shortly thereafter, on April 30, 2001, Plaintiffs and the Levens signed the Lease.  On May 1, 2001, Defendants issued a certificate of liability insurance to Plaintiffs on behalf of Travelers.  (Compl. at 5.)

After the lease had been signed, Plaintiffs learned that the Levens were using the leased premises for Shutzhund training. While Plaintiffs knew of the Levens' kenneling and grooming activities, which involved some minor obedience training, they did not realize the Levens were conducting Schutzhund training as well.  On October 30, 2002, Plaintiffs contacted Defendants to determine whether the insurance policy covered them for liability related to Schutzhund training.  (Compl. at 6.)

Defendants responded by sending Plaintiffs a letter indicating that the policy had an endorsement[4] that, in fact, excluded such training.  Defendants informed Plaintiffs that Travelers intended to send a notice of cancellation on November 1, 2002, based on "increased liability exposure" and the fact that the Levens' training activities did not meet the

---

[4] It was later determined that this endorsement only pertained to "completed operations coverage", i.e., coverage for liability that arises _after_ the dogs are trained and leave the facility (meaning that Plaintiffs might have been covered for training occurring on their property, as required by the lease).

1  "underwriting guidelines."  Cancellation was effective January 3,
2  2003.  (Compl. at 6-7.)

3      On November 27, 2002, Plaintiffs filed suit in state court
4  against the Levens for, *inter alia*: 1) breach of the Lease, and
5  2) misrepresenting the nature of their activities on the leased
6  premises.  In February 2003, Travelers agreed to provide legal
7  defense services for the Levens.  As part of its defense,
8  Travelers reinstated the insurance policy on July 9, 2003.  The
9  effective date of the policy was established to be January 3,
10 2003 (the date of the earlier cancellation by Travelers).  The
11 Terry-Levens suit went to trial on July 21, 2003.  Based
12 primarily on the fact that the Levens had an enforceable policy
13 that met the requirements of the Lease, the court directed a
14 verdict in favor of the Levens.  (Compl. at 7-9.)

15     In response, Plaintiffs brought suit against Defendants in
16 federal court, alleging, *inter alia*, that Defendants did not
17 fully disclose all of the information in their possession to
18 Travelers.  As a result of Defendants' failure to disclose,
19 Travelers issued a policy that did not conform to the
20 requirements of the Lease.  Plaintiffs contend that once they
21 learned the Levens did not have the proper insurance coverage,
22 they were forced to file suit against the Levens in state court.
23 (Compl. at 14:18-24.)   As discussed above, Plaintiffs lost that
24 suit, incurring over $200,000 in attorney's fees, which are still
25 accruing on appeal.  Plaintiffs claim they have been forced to
26 file the present action as a result of Defendants conduct.
27 (Compl. at 15, 16, 18, 20.)

28

1    In the present action, Plaintiffs argue that if Defendants
2  had made a full disclosure of the information in their possession
3  (which included knowledge of the Levens' intent to conduct
4  Shutzhund training), Travelers would never have issued a policy
5  to the Levens.  Plaintiffs speculate that since the Levens would
6  not have been able to obtain insurance elsewhere, they would have
7  been without the requisite coverage.  Consequently, because the
8  Levens would have been without insurance, Plaintiffs would never
9  have signed the lease, which, in turn, means that they would
10 never have needed to file a law suit to evict the Levens.
11 (Compl. at 14:12-24.)  Defendants contend that the facts in this
12 case, as discussed above, do not allow Plaintiffs to state a
13 claim for breach of contract, negligence, fraud, or negligent
14 misrepresentation.

15
16                            **STANDARD**
17

18    On a motion to dismiss for failure to state a claim under
19 Rule 12(b)(6), all allegations of material fact must be accepted
20 as true and construed in the light most favorable to the
21 nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,
22 337-38 (9th Cir. 1996).  A complaint will not be dismissed for
23 failure to state a claim unless it appears beyond doubt that a
24 plaintiff can prove no set of facts in support of his [or her]
25 claim that would entitle him [or her] to relief.  Yamaguchi v.
26 Dep't of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997)
27 (quoting Lewis v. Tel. Employees Credit Union, 87 F.3d 1537, 1545
28 (9th Cir. 1996).

                                5

1    In addressing the federal pleading requirements, the Supreme

2  Court has found that the statement required under Rule 8(a) must

3  "simply give the defendant fair notice of what the plaintiff's

4  claim is and the grounds upon which it rests.  This simplified

5  notice pleading standard relies on liberal discovery rules and

6  summary judgement motions to define disputed facts and issues and

7  to dispose of unmeritorious claims . . . Rule 8(a)'s simplified

8  pleading standard applies to all civil actions, with limited

9  exceptions."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512

10  (2002) (citations and quotations omitted).

11    In contrast to the general pleading requirements, pursuant

12  to Rule 9(b), "all averments of fraud or mistake, the

13  circumstances constituting fraud or mistake shall be stated with

14  particularity . . . "  F.R.C.P. 9(b).  A complaint can be

15  dismissed if it does not comply with Rule 9(b).  See Vess v.

16  Ciba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003).

17    Under Rule 15(a), when there is no "[u]ndue delay, bad

18  faith[,] dilatory motive on the part of the movant . . . undue

19  prejudice to the opposing party by virtue of . . . the amendment,

20  [or] futility of the amendment," leave to amend a complaint is to

21  be "freely given when justice so requires."  Foman v. Davis, 371

22  U.S. 178, 182 (1962); F.R.C.P. 15(a).  Generally, leave to amend

23  is denied only if it is clear that the deficiencies of the

24  complaint could not be cured by amendment.  Broughton v. Cutter

25  Labs., 622 F.2d 458, 460 (9th Cir. 1980).

26    Finally, pursuant to Rule 12(f), "the court may order

27  stricken from any pleading any insufficient defense or any

28

redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

**ANALYSIS**

The Court will first address, in Section 1, Defendants' motion under Rule 12(f) to strike portions of Plaintiffs' complaint.  Then, in Section 2, the Court will address Defendants' motion under Rule 12(b)(6) to dismiss particular claims asserted by Plaintiff.

**1.   Motion to Strike**

Defendants argue that Plaintiffs cannot recover attorneys' fees, emotional distress damages, or punitive damages.  (Mot. to Dis. at 18:10, 19:5, 19:23.)  Defendants have asked the Court to strike such recovery as immaterial and impertinent.  (Mot. to Dis. at 18:7-9.)

With respect to punitive damages, the Court finds that they may be recoverable in this action, should Plaintiffs prevail on their fraud claim.  Cal. Civ. Code § 3294(a) ("where it is proven by clear and convincing evidence that the defendant has been guilty of . . . fraud . . . the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.").  Thus, Defendants' motion to strike all references to punitive damages in the complaint is denied.

1    As for emotional distress damages, Plaintiffs seek such
2  recovery as a direct result of Defendants' alleged fraud and
3  negligent misrepresentation.   (Compl. at 19:2-4, 20:21-23.)
4  Under California law, intentional torts, such as fraud, will
5  support recovery for emotional distress, but only "in cases
6  involving extreme and outrageous intentional invasions of one's
7  mental and emotional tranquility . . . [e.g.,] where a reasonable
8  [person], normally constituted, would be unable to adequately
9  cope with the mental stress engendered by the circumstances of
10 the case."  Molien v. Kaiser Found. Hosp., 27 Cal. 3d 916, 927-28
11 (1980); Intrieri v. Superior Court, 117 Cal. App. 4th 72, 74
12 (2004) (finding fraud to be an intentional tort); Cal. Civ. Code
13 §§ 1709, 3333.  Thus, assuming Plaintiffs' allegations to be
14 true, Defendants' motion to strike all references to damages for
15 emotional distress in relation to Plaintiff's fraud claim is
16 denied.

17    However, under California law, unintentional torts, such as
18 negligent misrepresentation, will not support recovery for
19 emotional distress arising from property damage, absent special
20 circumstances, which are not present in this case as pled.
21 Erlich v. Menezes, 21 Cal. 4th 543, 554, 555-56 (1999) ("No
22 California court has allowed recovery for emotional distress
23 arising solely out of property damage.") (citations and
24 quotations omitted); Friedman v. Merck & Co., 107 Cal. App. 4th
25 454, 484-85 (2003); Yu v. Signet Bank/Virginia, 69 Cal App. 4th
26 1337, 1397 (1999) ("in general, a plaintiff incurring neither
27 physical impact nor physical damage and whose loss (other than
28 emotional distress) is solely economic, is entitled neither to

1  punitive damages nor to a recovery for emotional distress.")

2  (quotations and citations omitted); <u>Finch v. Brenda Raceway</u>

3  <u>Corp.</u>, 22 Cal App. 4th 547, 554 (1994) (holding that emotional

4  distress damages are not recoverable when a negligent

5  misrepresentation causes only economic injury).

6      Here, Plaintiffs seek recovery for emotional distress

7  engendered by a potential injury to personal property.  (Opp'n at

8  28:27-28, 29:2-5, 29:11-13.)  Such recovery is not allowed under

9  California law.  Consequently, Defendants' motion to strike all

10  references to damages for emotional distress in relation to

11  Plaintiffs' negligent misrepresentation claim is granted.

12  Plaintiffs are granted twenty (20) days leave to amend in

13  accordance with the Court's ruling.

14      Finally, with regard to attorneys' fees as consequential

15  damages, under the American Rule, parties are expected to

16  shoulder their own legal fees.  <u>Cassim v. Allstate Ins. Co.</u>, 33

17  Cal. 4th 780, 811 (2004); Cal. Civ. Code § 1021.  The California

18  Supreme Court has established some very limited exceptions to

19  this rule, which are applicable only under special circumstances.

20  <u>Cassim</u>, 33 Cal. 4th at 807, 811; <u>Brandt v. Superior Court</u>, 37

21  Cal. 3d 813, 817, 820, 820 n.8 (1985) ("If you find (1) that the

22  plaintiff is entitled to recover . . . for breach of the implied

23  covenant of good faith and fair dealing, and (2) that because of

24  such breach it was reasonably necessary for the plaintiff to

25  employ the services of an attorney to collect the benefits due

26  under the policy, then and only then is the plaintiff entitled to

27  an award for attorney's fees.") (quotations and citations

28  omitted); <u>Prentice v. N. Am. Title Guar. Corp.</u>, 59 Cal. 2d 618,

9

620 (1963) ("A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for . . . attorney's fees."); but cf. Davis v. Air Tech. Indus., Inc., 22 Cal. 3d 1, 7 (1978) ("the Prentice exception was not meant to apply in every case in which one party's wrongdoing causes another to be involved in litigation with a third party.  If applied so broadly, the judicial exception would eventually swallow the legislative rule that each party must pay for its own attorney.  To avoid this result, Prentice limits its authorization of fee shifting to cases involving exceptional circumstances.") (quotations and citations omitted).

Here, the Court finds that Plaintiffs have failed to plead a valid exception to the American Rule.  First, the attorneys' fees sought in this case (as well as those sought in the Terry-Levens lease action) do not qualify as Brandt fees.  Brandt, 37 Cal. 3d at 820 n.8.  Second, Plaintiffs have failed to plead exceptional circumstances analogous to those in Prentice, a false arrest case, or a malicious prosecution case, where 1) the litigant's hand is forced, and 2) he or she *required* to take legal action in order to 3) vindicate a particular right.  Finally, the Prentice exception to the American Rule is only applicable in situations where the proven *tort* of another required or necessitated litigation.  Reserve Ins. Co. v. Pisciotta, 30 Cal. 3d 800, 801, 817 (1982).  Thus, attorneys' fees, if recoverable at all, will only be recoverable in the context of tort damages, not contract damages.  Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7

Cal. 4th 503, 515 (1994) ("[in contract] consequential damages beyond the expectation of the parties are not recoverable.")

In consideration of the forgoing, Defendants' motion to strike all references to attorneys' fees as consequential damages is granted. Plaintiffs are granted twenty (20) days leave to amend, with respect to their tort causes of action, in accordance with the Court's ruling.

**2.   Motion to Dismiss**

    **A.   The Breach of Contract Claim**

To state a cause of action for breach of contract Plaintiff must allege the following: 1) the existence of a contract, 2) Plaintiffs' performance, 3) Defendants' breach, and 4) Plaintiffs' resulting damages. <u>Reichert v. General Ins. Co.</u>, 68 Cal. 2d 822, 830 (1968); <u>Careau & Co. v. Sec. Pacific Business Credit, Inc.</u>, 22 Cal. App. 3d 1371, 1388 (1990).  In this case, the second element, Plaintiffs' performance, is not at issue as Plaintiffs have asserted their claim as third party beneficiaries. (Opp'n 11:8-16.)

Under the federal notice pleading standard, the threshold for successfully pleading a breach of contract claim is extremely low.  Fed R. Civ. P. 8(a); <u>Swierkiewicz</u>, 534 U.S. 506, 510-11, 512 (2002); <u>cf</u>. <u>McGary v. City of Portland</u>, 386 F.3d 1259, 1262 (9th Cir. 2004).  Accepting all allegations of fact as true and construing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have indeed satisfied the pleading

11

1  requirements.   Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-

2  38 (9th Cir. 1996).

3      First, Plaintiffs have alleged the existence of a contract

4  under which they have rights as third party beneficiaries.

5  On April 30, 2001, Plaintiffs and the Levens signed a written

6  lease agreement.  As a condition of the lease, the Levens were

7  required to obtain insurance coverage sufficient to insure

8  Plaintiffs against any liability that might arise from their

9  activities on the leased property.  As a result of these

10  conditions, Plaintiffs claim that the Levens entered into a

11  second contract (with Defendants) to obtain the insurance

12  coverage required by the Terry-Levens lease agreement (Compl. at

13  14:5-11).  Plaintiffs claim that this independent contract

14  between the Levens and Defendants (to obtain the requisite

15  insurance coverage) obligated Defendants, as brokers, to 1)

16  obtain coverage that insured Plaintiffs against liability arising

17  out of the Levens' use of Plaintiffs' land, 2) obtain information

18  regarding the requested policy and forward that information to

19  Travelers, and 3) not conceal or fail to disclose pertinent

20  information to Travelers.  Mercury Casualty Co. v. Maloney, 113

21  Cal. App. 4th 799, 802 (2003) ("A person who is not a party to a

22  contract may nonetheless have certain rights thereunder, and may

23  sue to enforce those rights, where the contract is made expressly

24  for her benefit."); Johnson v. Holmes Tuttle Lincoln-Merc., 160

25  Cal. App. 2d 290, 296-97 (1958); Cal. Civ. Code § 1559.

26      Second, Plaintiffs have specifically alleged a breach of

27  contract by asserting that Defendants failed to fulfill all of

28  their obligations under the aforementioned contract.  (Compl. at

12

14:12-17, 15:3-7.)  Defendants' argument that the contract was
not breached because the requisite coverage was obtained is a
question for summary judgment.  <u>See</u> <u>Swierkiewicz</u>, 534 U.S. at
512.

Finally, the Court finds that Plaintiffs have pled specific
damages as a result of Defendants' alleged contractual breach.
(Compl. at 14:18-24, 15:8-27.)  Furthermore, the Court notes that
the issues of foreseeability and causation, if properly plead,
are questions for summary judgment, not a motion to dismiss.
<u>Bergerco, U.S.A. v. Shipping Corp. Of India, Ltd.</u>, 896 F.2d 1210,
1212 (9th Cir. 1990); <u>Milligan v. Golden Gate Bridge Highway and</u>
<u>Transportation Dist.</u>, 120 Cal. App. 4th 1, 9 (2004).

In light of the liberal notice pleading requirements of Rule
8(a), the Court finds that Plaintiffs have given Defendants fair
notice of their breach of contract claim and the grounds upon
which it rests.  Consequently, Defendants' motion to dismiss
Plaintiffs' breach of contract claim is denied.

**B.   The Negligence Claim**

To state a cause of action for negligence, Plaintiff must
allege the following: 1) that Defendants owe a duty of care to
Plaintiffs, 2) Defendants breached that duty, 3) legal causation,
and 4) damages.  <u>Trujillo v. N. County Transit Dist.</u>, 63 Cal.
App. 4th 280, 286-87 (1998); <u>Jones v. Grewe</u>, 189 Cal. App. 3d
950, 954 (1987).

The threshold for successfully pleading a negligence claim
is extremely low.  Fed R. Civ. P. 8(a); <u>Swierkiewicz</u>, 534 U.S.

1  506, 510-11, 512 (2002); cf. McGary v. City of Portland, 386 F.3d
2  1259, 1262 (9th Cir. 2004).  Accepting all allegations of fact as
3  true and construing them in the light most favorable to
4  Plaintiffs, the Court finds that Plaintiffs have indeed satisfied
5  the federal pleading requirements for a negligence claim.  Cahill
6  v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).

7       First, the Court finds that Plaintiffs have pled the
8  existence of a valid duty. (Compl. at 16:7-8.)  The California
9  Supreme Court has set forth factors for determining when a party
10  to a transaction owes a duty of care to a third party.  Biakanja
11  v. Irving, 49 Cal. 2d 647, 650 (1958) ("The determination whether
12  in a specific case the defendant will be held liable to a third
13  person not in privity is a matter of policy and involves the
14  balancing of various factors, among which [is] the extent to
15  which the transaction was intended to affect the plaintiff").

16       Here, the Court finds that the contract between Defendants
17  and the Levens was made at the request of Plaintiffs and was
18  specifically intended to protect Plaintiffs personal interests.[5]
19  Thus, the Court finds that, in this particular case, Defendants
20  owed Plaintiffs a duty of care in obtaining a coverage policy
21  that insured Plaintiffs against liability arising out of the
22  Levens' use of the leased property.

23       Second, Plaintiffs have alleged a breach of Defendants'
24  aforementioned duty of care.  Specifically, Plaintiffs claim that
25  Defendants failed to provide Travelers with the necessary
26
27
28       [5]  The Court finds that this fact outweighs the other
    Biakanja factors.

14

1  information pertaining to the Levens' dog training activities.

2  (Compl. at 16:5-8.)

3       Finally, Plaintiffs have pled specific damages as a

4  proximate result of Defendants' alleged breach of duty.  (Compl.

5  at 16:9-28.)  As discussed in Section A above, the Court notes

6  that whether the requisite coverage was obtained, like the issues

7  of foreseeability and causation (if properly plead), are

8  questions for summary judgment, not a motion to dismiss.

9  <u>Swierkiewicz</u>, 534 U.S. at 512; <u>Bergerco, U.S.A. v. Shipping Corp.</u>

10 <u>Of India, Ltd.</u>, 896 F.2d 1210, 1212 (9th Cir. 1990); <u>Milligan v.</u>

11 <u>Golden Gate Bridge Highway and Transportation Dist.</u>, 120 Cal.

12 App. 4th 1, 9 (2004).

13      In light of the liberal notice pleading requirements of Rule

14 8(a), the Court finds that Plaintiffs have properly pled a cause

15 of action for negligence, thereby giving Defendants fair notice

16 of Plaintiffs' claim and the grounds upon which it rests.

17 Consequently, Defendants' motion to dismiss Plaintiffs'

18 negligence claim is denied.

19

20      **C.   The Fraud Claim**

21

22      To state a cause of action for fraud, Plaintiff must allege

23 the following: 1) a misrepresentation of material fact, 2)

24 knowledge of falsity, 3) intent to deceive and induce reliance,

25 4) justifiable reliance on the misrepresentation, and 5)

26 resulting damages.  <u>Century Sur. Co. v. Crosby Ins.</u>, 124 Cal.

27 App. 4th 116, 122 (2004).  Under the Federal Rules, fraud must be

28 plead with particularity.  <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d

15

1097, 1106 (9th Cir. 2003) ("the circumstances constituting the
alleged fraud [must] be specific enough to give defendants notice
of the particular misconduct . . . so that they can defend
against the charge . . . [a]verments of fraud must be accompanied
by the who, what, when, where, and how of the misconduct
charged.") (quotations and citations omitted).

Accepting all allegations of fact as true and construing
them in the light most favorable to Plaintiffs, the Court finds
that Plaintiffs have satisfied the federal pleading requirements
for fraud.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38
(9th Cir. 1996).  In this case, Plaintiffs have alleged two
fraudulent actions on the part of Defendants.  First, an
intentional failure to disclose material information to Travelers
(Compl. at 17:6-13), and second, intentionally issuing a false
and misleading insurance certificate to Plaintiffs (Compl. at
17:14-17).  Cal. Civ. Code § 1710.

The Court finds that the first fraudulent action, as
alleged, is insufficient for Plaintiffs to state a claim against
Defendants.  In addition to problems with alleging the requisite
scienter, Plaintiffs never relied on Defendants' concealment
(from Travelers) of material information – they relied on the
results of that alleged fraud, i.e., the policy.  City of
Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 68
Cal. App. 4th 445, 482, 482 n.34 (1998) ("It is essential . . .
that the person complaining of fraud actually have relied on the
alleged fraud, and suffered damages as a result.").  In essence,
Plaintiffs have stated a cause of action for Travelers, not

16

1 | themselves, with regard to the first action.  <u>See</u>, <u>e.g.</u>, <u>Century</u>,
2 | 124 Cal. App. 4th 116 (2004).

3 | However, the allegations as to the second action satisfy the
4 | federal pleading requirements for fraud.  Having alleged
5 | misrepresentation (via the document), scienter, and intent
6 | (Compl. at 17:14-17), as well as reliance (Compl. at 17:20-21)
7 | and damages (Compl. at 19:2-9.), Plaintiffs' allegations are
8 | sufficiently definite and substantive to state a cause of action
9 | against Defendants for fraud.  <u>Vess</u>, 317 F.3d at 1106.
10 | Consequently, Defendants' motion to dismiss Plaintiff fraud claim
11 | is denied.

12 |

13 |          **D.    The Negligent Misrepresentation Claim**

14 |

15 | To state a cause of action for negligent misrepresentation,
16 | Plaintiff must allege the following: 1) a false statement of a
17 | material fact that Defendant honestly believed to be true, but
18 | made without reasonable grounds for such belief, 2) the statement
19 | was made with the intent to induce reliance, 3) reasonable
20 | reliance, and 4) damages.  <u>Century</u>, 124 Cal. App. 4th at 129;
21 | <u>Cicone v. URS Corp.</u>, 183 Cal App. 3d 194, 208, 211 (1986).

22 | Though the threshold for successfully pleading a negligent
23 | misrepresentation claim is very low, Plaintiffs allegations are
24 | insufficient to state such a claim.  Fed R. Civ. P. 8(a);
25 | <u>Swierkiewicz</u>, 534 U.S. 506, 510-11, 512 (2002); <u>cf</u>. <u>McGary v.</u>
26 | <u>City of Portland</u>, 386 F.3d 1259, 1262 (9th Cir. 2004).  <u>Cahill v.</u>
27 | <u>Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).

28 |

1    Plaintiffs negligent misrepresentation claim is based on two

2   alleged actions by Defendants, which are essentially the same

3   actions alleged in the fraud claim.  First, a negligent

4   concealment involving Travelers (Compl. at 19:14-21), and second,

5   a negligent misrepresentation (the certificate of insurance) to

6   Plaintiffs (Compl. at 19:21-26).  As discussed in Section C

7   above, the alleged concealment will not support a claim by

8   Plaintiffs against Defendants for lack of the appropriate

9   scienter and reliance.  City of Atascadero, 68 Cal. App. 4th at

10  482, 482 n.34 ("the person complaining of fraud [must] have

11  relied on the alleged fraud").

12    As for Plaintiffs alleged negligent misrepresentation, the

13  Court finds that Plaintiffs have failed to fully satisfy the

14  requirements for stating such a claim.  (Opp'n at 24:19-20.)

15  Specifically, Plaintiffs have failed to allege that Defendants'

16  misrepresentation was "made without reasonable grounds" for

17  believing the statement to be true.  Cicone, 183 Cal App. 3d at

18  208.  The Court finds this element of the claim to be

19  particularly important.  If Defendants were in fact negligent (as

20  opposed to intentional) in their transactions with Travelers,

21  then, conceivably, they would have a very reasonable basis for

22  believing the certificate of insurance was valid, e.g.,

23  reasonable mistake or oversight.  Plaintiffs must allege

24  otherwise in order to state a claim for negligent

25  misrepresentation.

26    The Court finds that Plaintiffs have failed to allege the

27  required elements of a negligent misrepresentation claim.

28  Consequently, Defendants' motion to dismiss Plaintiffs' negligent

18

1  misrepresentation claim is granted.  Plaintiffs are granted
2  twenty (20) days leave to amend in accordance with this Court's
3  ruling.

4

5                          **CONCLUSION**

6

7       For the aforementioned reasons, Defendants' motion to
8  dismiss is GRANTED in part and DENIED in part.  Defendants'
9  motion to strike is also GRANTED in part and DENIED in part.
10 Plaintiffs are granted twenty (20) days leave to amend in
11 accordance with this order.

12

13      IT IS SO ORDERED.

14

15 DATED: April 27, 2005

16

17 _____
18 MORRISON C. ENGLAND, JR.
   UNITED STATES DISTRICT JUDGE
19

20

21

22

23

24

25

26

27

28

                            19