1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12  CLYDE TERRY and ANNE TERRY,
                                   NO. CIV. S 04-2314 MCE GGH
13            Plaintiffs,

14       v.                        MEMORANDUM AND ORDER

15  THE TRAVELERS INDEMNITY CO.,
    KENNEL PAK, GENTZLER & SMITH
16  ASSOCIATES, INC.,

17            Defendants.

18                         ----oo0oo----

19

20      In this case, Plaintiffs Clyde and Anne Terry (collectively

21  "Plaintiffs") claim that Defendants Travelers Indemnity Co.,

22  Kennel Pak, and Gentzler & Smith Associates, Inc., acted

23  negligently and fraudulently regarding an insurance policy issued

24  to the Plaintiffs' tenants.  Kennel Pak and Gentzler & Smith

25  (collectively "Defendants") ask this Court to strike portions of

26  the Plaintiffs' amended complaint, pursuant to Federal Rule of

27  //

28  //

                              1

1  Civil Procedure 12(f).[1]  For the reasons set forth below,

2  Defendants' motion to strike is GRANTED, and the Plaintiffs shall

3  not have leave to amend.[2]

4

5                                **BACKGROUND**

6

7       The Court has already set forth a detailed factual

8  background for this action in its Memorandum and Order of April

9  27, 2005 ("the Order"), which is incorporated by reference and

10 need not be reproduced herein.  (Ct. Memo. & Order at 2-5.)

11 Pursuant to the Court's Order, Plaintiffs filed an amended

12 complaint reasserting their four original claims against

13 Defendants: 1) breach of contract, 2) negligence, 3) fraud, and

14 4) negligent misrepresentation.  Plaintiffs also re-allege

15 emotional distress damages in their negligent misrepresentation

16 claim and add them to their negligence claim.  Further, in all

17 four claims, Plaintiffs re-allege as damages their attorneys'

18 fees incurred in their separate state-court suit against their

19 tenants.  Those fees now allegedly exceed $250,000.  Defendants

20 presently move to strike all references to 1) emotional distress

21 damages in the negligence and negligent misrepresentation claims

22 and 2) attorneys' fees in all claims.

23 //

24 //

25 _____

26      [1]All further references to "Rule" or "Rules" are to the
   Federal Rules of Civil Procedure, unless otherwise noted.

27      [2]Because oral argument would not be of material assistance,
   this matter was deemed suitable for decision without oral
28 argument.  E.D. Local Rule 78-230(h).

                                   2

**STANDARD**

Pursuant to Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous material."  Fed. R. Civ. P. 12(f).  Once the court strikes material from the complaint, it may then consider whether to grant the plaintiff leave to amend. Under Rule 15(a), when there is no "[u]ndue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment," leave to amend a complaint is to be "freely given when justice so requires."  Foman v. Davis, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a).  Generally, leave to amend is denied only if it is clear that the deficiencies of the complaint could not be cured by amendment.  Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

**ANALYSIS**

**1.   Emotional Distress Damages**

In the present action, Defendants argue that Plaintiffs do not allege any new facts in their amended complaint and fail to establish emotional distress damages.  Plaintiffs rebut that this Court misinterpreted California case law, which, according to the Plaintiffs, does not foreclose recovery for emotional distress in negligence and negligent misrepresentation actions where there is no physical injury or impact.  (Pls' Opp'n at 4:14-16, 24-26.)

3

1 Thus, Plaintiffs essentially contend they did not need to allege

2 anything new in their amended complaint.

3      Further, Plaintiffs argue that the Court mistakenly ruled

4 that the Plaintiffs' complaint alleged only potential property

5 damage.  (Pls' Opp'n at 5:2-7.)  Plaintiffs contend that because

6 they were insured by Defendants, and an insurance policy is a

7 contract that engenders peace of mind, Plaintiffs' suffered

8 emotional distress when Defendants' negligently revoked the

9 policy.  Thus, according to Plaintiffs, they lost peace of mind,

10 which exceeds mere property damage.  The Court disagrees.

11      The Court stated clearly in its original Order and

12 reiterates here that, under California law, Plaintiffs'

13 unintentional tort claims (negligence and negligent

14 misrepresentation) will not support recovery for emotional

15 distress arising from property damage, absent special

16 circumstances.  (Ct. Memo. & Order at 8:17-9:9); <u>Erlich v.</u>

17 <u>Menezes</u>, 21 Cal. 4th 543, 555-56 (1999); <u>Friedman v. Merck & Co.</u>,

18 107 Cal. App. 4th, 454, 484-85 (2003); <u>Yu v. Signet</u>

19 <u>Bank/Virginia</u>, 69 Cal. App. 4th 1337, 1397 (1999); <u>Finch v.</u>

20 <u>Brenda Raceway Corp.</u>, 22 Cal. App. 4th 547, 554 (1994).  The

21 Court finds that Plaintiffs still allege only potential injury to

22 personal property in their amended complaint.  Plaintiffs added

23 little, if anything, to their complaint to cure the original

24 deficiencies.  Thus, because it is clear that Plaintiffs'

25 emotional distress allegations are based on mere property damage,

26 they are immaterial and impertinent to the complaint.

27      Furthermore, the Court finds Plaintiffs' peace of mind

28 argument baseless.  Insurance policies, while they may instill

4

1 peace of mind, are intended primarily to protect the insured from

2 paying out-of-pocket expenses in case of accident.  They do not

3 create a "protective barrier" around the insured, protecting

4 against any and all physical harm.  As such, Plaintiffs' alleged

5 loss of the insurance policy constitutes economic harm only.

6 Because economic injury alone does not support emotional distress

7 damages, all references to emotional distress must be stricken

8 from Plaintiffs' negligence and negligent misrepresentation

9 claims.

10

11 **2.   Attorneys' Fees**

12

13      The Court stated in its previous Order that, under the

14 American Rule, Plaintiffs are expected to shoulder their own

15 legal fees.  (Ct. Memo. & Order at 10: 14-15.)  Plaintiffs had

16 not met the threshold for attorneys' fees under the <u>Brandt</u>

17 exception to the American Rule.  <u>See</u> <u>Brandt v. Superior Court</u>, 37

18 Cal. 3d 813, 817, 820, 820 n.8 (1985).  Nor had Plaintiffs

19 pleaded special circumstances, under the <u>Prentice</u> exception,

20 showing they were forced to take legal action in order to

21 vindicate a particular right.  <u>See</u> <u>Prentice v. N. Am. Title Guar.</u>

22 <u>Corp.</u>, 59 Cal. 2d 618, 620 (1963).  Thus, the American Rule

23 governed the action, and the Court struck all references to

24 attorneys' fees.

25      Defendants argue here that Plaintiffs' again fail to allege

26 any new facts to justify attorneys' fees as damages.  In their

27 amended complaint, Plaintiffs did strike all <u>Brandt</u> allegations.

28 However, in an attempt to plead the <u>Prentice</u> exception,

5

1 Plaintiffs now allege that the Defendants' conduct forced them

2 "to protect their rights and interests by retaining legal counsel

3 and bringing legal action" against their tenants in state court.

4 (Pls' Amended Compl. at ¶¶ 67, 74, 88, 101.)  Thus, Plaintiffs

5 seek to recoup attorneys' fees from Defendants for an expensive

6 yet separate state-court action.

7      The Court finds that Plaintiffs have again failed to plead

8 exceptional circumstances analogous to those in Prentice.  The

9 Prentice court ordered the defendant to pay the plaintiffs'

10 attorney fees because the plaintiffs were forced to bring a

11 quiet-title action against a third party due to the defendant's

12 proven negligence.  A "natural and proximate" connection existed

13 between the plaintiffs' suit against the defendant and the

14 underlying third-party action.  See Prentice, 59 Cal. 2d at 621.

15      In the present action, there is no such natural and

16 proximate connection between Plaintiffs' suits in this Court and

17 state-court.  Merely alleging, as Plaintiffs have done, that they

18 were forced to sue their tenants because of Defendants' conduct

19 does not establish the requisite natural and proximate connection

20 between the suits.  See Davis v. Air Tech Indus., Inc., 22 Cal.

21 3d 1, 7 (1978).  Plaintiffs have therefore failed to allege the

22 exceptional circumstances under Prentice to overcome the American

23 Rule.  Consequently, all references to attorneys' fees are

24 immaterial and impertinent and must be struck from the amended

25 complaint.

26 //

27 //

28 //

6

**3.     No Leave to Amend**

     In light of the fact that Plaintiffs had ample opportunity to cure the deficiencies in their complaint and failed to do so, it is clear to the Court that amendment is futile.  Thus, the Court denies Plaintiffs leave to amend.  Furthermore, the Court notes that the amended complaint is almost word-for-word the same as the original, except for some minor, inconsequential changes. The Court is concerned that there is a pattern in how Plaintiffs' counsel continues to file papers that border on being frivolous and filed for apparently no other reason than to increase attorneys' fees.  Counsel is cautioned that if further papers or motions of this sort are filed, the Court will consider imposing the appropriate sanctions available under the circumstances.

**CONCLUSION**

     Based on the foregoing, Defendants' Motion to Strike is GRANTED without leave to amend.

     IT IS SO ORDERED.

DATED: August 15, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE