UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CLYDE TERRY and ANNE TERRY, | NO. CIV. S 04-2314 MCE GGH |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| THE TRAVELERS INDEMNITY CO., KENNEL PAK, GENTZLER & SMITH ASSOCIATES, INC., | |
| Defendants. | |

----oo0oo----

In this case, Plaintiffs Clyde and Anne Terry ("Plaintiffs") claim that Defendants Travelers Indemnity Co., Kennel Pak, and Gentzler & Smith Associates, Inc., (collectively "Defendants") acted negligently and fraudulently regarding an insurance policy issued to the Plaintiffs' tenants, Alan and Karen Levens ("the Levens"). The Levens move to intervene as of right, pursuant to

//
//
//

1

Federal Rule of Civil Procedure 24(a).[1]  For the reasons set forth below, the Levens' motion to intervene is DENIED.[2]

**BACKGROUND**

The Court has already set forth a detailed factual background for this action in its Memorandum and Order of April 27, 2005, which is incorporated by reference and need not be reproduced herein.  (Ct. Memo. & Order at 2-5.)  The Levens, who were not named as defendants in this suit, now seek to intervene as of right.  The Plaintiffs and Defendants all oppose the Levens' intervention.

**STANDARD**

An applicant has the right to intervene under Rule 24(a) if 1) the intervention request is made in a timely fashion; 2) a "significantly protectable" interest related to the subject matter of the litigation is asserted; 3) disposition of the matter may impair or impede the applicant's interest in the absence of intervention; and 4) the applicant's interest is not adequately represented by existing parties.  <u>Wetlands Action Network v. United State Army Corps of Eng'rs</u>, 222 F.3d 1105,
//

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

2

1113-14 (9th Cir. 2000).  None of the parties to this action contest the timeliness of the Levens' motion.

## ANALYSIS

The Levens argue that they have a right to intervene because they have an interest in the insurance policy they purchased from the Defendants, as required by their lease agreement with the Plaintiffs.  The Levens contend that if this Court later rules that the policy is somehow unenforceable, then they will be in technical breach of their lease for failing to have an insurance policy.  If in breach, the Levens fear they will be evicted by the Plaintiffs, which may result in losing their dog-training business.  Thus, they argue they have a significantly protectable interest in this action.

The Levens further argue that if the Court finds against the Defendants here, the Defendants might withdraw the defense services they are providing them in Terry v. Levens, a separate state-court action brought by the Plaintiffs.  Therefore, the Levens argue they have significantly protectable interests in maintaining Defendants' services, and that interest would be impaired if they are not able to join as parties here.

The Plaintiffs and Defendants rebut that this suit concerns only the Defendants' conduct towards the Plaintiffs and does not concern the Levens' interests in the policy or the lease.  The Levens can have no interest in the conduct of their insurance company towards the Plaintiffs, according to the Plaintiffs and Defendants.  Furthermore, while the Defendants never threaten to

1  withdraw their defense services, they acknowledge that any such
2  withdrawal would be arise from Defendants' own actions, not the
3  disposition of the present suit.  Thus, the Plaintiffs and
4  Defendants contend that the Levens have no significantly
5  protectable interest in this suit.  The Court agrees.
6     Ninth Circuit precedent states that in order to establish a
7  significantly protectable interest, an applicant for intervention
8  must demonstrate a relationship between the applicant's interest
9  and the claims at issue.  United States v. Alisal Water Corp.,
10 370 F.3d 915, 920 (9th Cir. 2004); Arakaki v. Cayetano, 324 F.3d
11 1078, 1084 (9th Cir. 2003).  Based on a review of the Levens'
12 moving papers, the Court finds that, other than obtaining the
13 insurance policy as required by their lease, the Levens have
14 demonstrated no interest in any transaction between the
15 Plaintiffs and Defendants.
16    The dispute here is not whether the Levens actually obtained
17 the policy, but whether the Defendants actually provided coverage
18 under the policy in favor of the Plaintiffs.  The Levens'
19 interest in obtaining the policy and avoiding the breach of their
20 lease has no relationship to the issue of policy coverage.
21 Whether the Levens complied with their lease is not an issue for
22 this Court to decide and is better left for the state court in
23 Terry v. Levens.  Thus, the Levens' interest here, if any, does
24 not rise to the level of a significantly protectable interest
25 because it is not related to the claims at issue.  See Alisal,
26 370 F.3d at 920; Smith v. Pangilinan, 651 F.2d 1320, 1324 (9th
27 Cir. 1981).
28 //

The Court also finds that the Levens fail to show how they would be affected by resolution of any of the Plaintiffs' claims. A significantly protectable interest can exist "only if the resolution of the plaintiff's claims actually will affect the applicant" Donnelly v. Glickman, 159 F.3d 405, 410 (9th Cir. 1998). Having no interest in the liability (or remedy) of the action generally defeats intervention as of right. See Id. at 409. Even if the Court were to find for the Plaintiffs in the underlying suit, the Levens would share none of the liability. Without a significant interest in the resolution of this suit, the Levens will not be affected by it and cannot intervene.

Furthermore, this Court's decision would have no adjudicatory effect on the Terry v. Levens action in state court. The Court will not speculate whether the Defendants will withdraw their defense services for the Levens. If Defendants decide to do so, that will be their own, independent decision that has nothing to do with the disposition of this suit. Thus, the Levens have not established that they have a significantly protectable interest here. Consequently, the Levens' cannot intervene in this action.[3]

//

---

[3] The Court acknowledges that there are two other factors to establish the right to intervene under Rule 24(a): 1) impairment of interest and 2) inadequate representation. In light of finding no significantly protectable interest, the Court need not proceed further in its analysis. However, the Court has reviewed these other factors and finds they do not affect this Order.
Furthermore, while the Levens do not move for permissive intervention under Rule 24(b), the Court finds that such intervention cannot not be granted either. Adding the Levens would destroy complete diversity and, consequently, this Court's jurisdiction over the entire action. See EEOC v. Nev. Resort Ass'n, 792 F.2d 882, 886 (9th Cir. 1986).

**CONCLUSION**

Based on the foregoing, the Levens' motion to intervene is DENIED.

IT IS SO ORDERED.

DATED: August 15, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE