UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CLYDE TERRY, an individual,
and ANNE TERRY, an individual,

        Plaintiffs,

    v.

THE TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT, a
Corporation; and KENNEL PAK, a
Corporation; and GENTZLER &
SMITH ASSOCIATES, a
Corporation,

        Defendants.

NO. CIV. S 04-2314 MCE CGH

MEMORANDUM AND ORDER

----oo0oo----

    Plaintiffs Clyde and Anne Terry have petitioned this Court to reconsider its April 27, 2005, Memorandum and Order wherein the Court struck their claim for attorney's fees accrued in an underlying state court action (the "Order").  Concurrently with that motion, Plaintiffs filed a petition to certify two questions of law for immediate appellate review.  The Court will dispose of both Plaintiffs' motions herein ("Motions").

1

In their motion for reconsideration, Plaintiffs allege that a California Supreme Court decision distinguished and limited the authority relied upon by this Court in issuing its earlier Order. That supreme court decision, Plaintiffs contend, was not properly considered by this Court thereby requiring the that the earlier Order be revisited.

In their motion for certification of questions of law, Plaintiffs contend that sufficient grounds exist to certify the following two questions: 1) Whether emotional distress damages are available in negligence and negligent representation actions; and 2) Whether a showing of exceptional circumstances is required when seeking an award of attorney's fees under the "tort of another" doctrine.  As explained fully below, Plaintiffs' motion for reconsideration is denied.  Likewise, Plaintiffs' petition for certification of the foregoing questions of law is denied.[1]

**BACKGROUND**

The Court has already set forth a detailed factual background for this action in its Order of April 27, 2005, which is incorporated by reference and need not be reproduced herein. (Mem. & Order 2-5).  Subsequent to that Order, Plaintiffs filed a First Amended Complaint reasserting their four original claims against Defendants as well as emotional distress damages and attorney's fees in all claims.  Defendants moved for a second

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

time to strike all references to 1) emotional distress damages in the negligence and negligent misrepresentation claims and 2) attorney's fees in all claims.  The Court again agreed with Defendants and, in a Memorandum and Order dated August 15, 2005, granted the motion to strike, this time, without leave to amend. Plaintiffs have filed the present Motions in response.

**STANDARDS**

**Motion to Reconsider**

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was wrong.  <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816, 108 S. Ct. 2166, 100 L. Ed. 2d 811 (1988).  This principle is generally embodied in the law of the case doctrine. That doctrine counsels against reopening questions once resolved in ongoing litigation.  <u>Pyramid Lake Paiute Tribe of Indians v. Hodel</u>, 882 F.2d 364, 369 (9th Cir. 1989)(citing 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478 at 788-89).  Nonetheless, a court order resolving fewer than all of the claims among all of the parties is "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  Fed. R. Civ. P. 54(b).[2]  Where reconsideration of a non-final order is sought,

---

[2] Plaintiffs did not clarify under which rule they were seeking reconsideration.  However, in seeking reconsideration,
(continued...)

3

the court has "inherent jurisdiction to modify, alter or revoke it." United States v. Martin, 226 F.3d 1042, 1048-1049 (9th Cir. 2000). The major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Pyramid, 882 F.2d at 369.

In addition, pursuant to E.D. Local Rule 78-230(k), an application for reconsideration must set forth, by affidavit or brief, any new material facts and circumstances that support a claim that the Court's previous ruling be revisited.

**Motion to Certify Questions of Law**

The decision to certify an order for interlocutory appeal is committed to the sound discretion of the district court. Swint v. Chambers County Comm'n, 514 U.S. 35, 47, 131 L. Ed. 2d 60, 115 S. Ct. 1203 (1995). In order to qualify for certification under 28 U.S.C. § 1292(b), a district court judge must be convinced that the order involves a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. The party requesting certification has the burden of showing that "exceptional

---

[2](...continued)
Plaintiffs cannot rely on Fed. R. Civ. P. 59(e) or 60(b) because they only apply to reconsideration of "final judgments and appealable interlocutory orders." Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 466-67 (9th Cir. 1989). Accordingly, the Court will consider this a Rule 54(b) motion.

4

circumstances" justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1982)(internal citations and quotations omitted).

**ANALYSIS**

**1.   Motion for Reconsideration**

Plaintiffs are seeking reconsideration of this Court's Order, dated April 27, 2005, striking their claim for attorney's fees accrued in the underlying Terry v. Levens suit. As explained above, in order for Plaintiffs to be successful on their motion, they must establish that the Order involves an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. 28 U.S.C. § 1292(b).

Plaintiffs do not allege the existence of new evidence nor do they allege manifest injustice or that this Court committed a clear error. Rather, they contend that intervening legal authority compels a different result than that previously reached by this Court. Specifically, Plaintiffs contend that Gray v. Don Miller & Associates, Inc., 35 Cal. 3d 498 (Cal. Sup. Ct. 1984), erodes the ground upon which this Court rendered its earlier decision. As explained in detail below, Plaintiffs contention that the Gray case is intervening legal authority compelling a different result is entirely without merit.

As an initial matter, it is disingenuous at best to argue

that the Gray case, decided fully 20 years prior to the present action, is new legal authority. Nor can the Gray case be considered an intervening change of controlling law as it is neither a change in the controlling law nor intervening. Even to the extent the Court yields to Plaintiffs' argument, the Gray case does not compel a different result.

Plaintiffs' central argument is that the standard for "tort of another" damages first articulated in Prentice v. N. Am. Title Guar. Corp., 59 Cal. 2d 618, 620 (1963), and used by this Court in issuing its Order, was substantially altered by the Gray case rendering the original Order baseless. Specifically, Plaintiffs contend that this Court struck their claim for attorney's fees based on Plaintiffs failure to show "exceptional circumstances"[3] as required under the "tort of another" doctrine of Prentice. However, Plaintiffs urge, that holding is now baseless because, under Gray, the "exceptional circumstances" requirement was expressly eradicated.

While Plaintiffs are correct that Gray arguably narrowed the "exceptional circumstances" requirement of Prentice, Plaintiffs are mistaken in assuming this Court based its holding solely on the lack of exceptional circumstances. A plain reading of the Order quickly reveals that the Court pointed to the lack of causation between Defendants' conduct and the underlying third party suit as grounds for striking Plaintiffs claim for fees.

---

[3] The Prentice court proclaimed that "In the absence of some special agreement, statutory provision, or *exceptional circumstances*, attorney's fees are to be paid by the party employing the attorney." Prentice, 59 Cal. 2d at 620 (emphasis added).

6

1 Under both <u>Prentice</u> and <u>Gray</u>, it is unquestionable that, absent
2 causation, a party may not recover attorney's fees for the tort
3 of another irrespective of exceptional circumstances.  In fact,
4 the <u>Gray</u> court specifically held that "...the rule of
5 <u>Prentice</u>..., has been applied when it has been found that the
6 party seeking attorney fees was *required by the wrong of the*
7 *defendant* to protect his interests by bringing or defending an
8 action against a third person."  <u>Gray</u>, 35 Cal. 3d at 508.

9   In two prior orders, this Court expressly found that
10 Plaintiffs did not establish the requisite "natural or proximate"
11 connection between Defendants' conduct and the underlying third
12 party action.  (Mem. & Order at 10, April 27, 2005; Mem. & Order
13 at 6, August 15, 2005).  Consequently, any narrowing of the
14 exceptional circumstances doctrine arguably dictated by <u>Gray</u> does
15 nothing to remedy Plaintiffs' failure to establish causation and,
16 therefore, does nothing to compel a different result here.

17   Because Plaintiffs have utterly failed to establish an
18 intervening change of controlling law, the availability of new
19 evidence, or the need to correct a clear error or prevent
20 manifest injustice, the Court denies their motion for
21 reconsideration.
22 //
23 //
24 //
25 //
26 //
27 //
28 //

7

**2.    Motion to Certify Questions of Law**

    **a. Emotional Distress Damages**

A discretionary interlocutory appeal must establish the existence of a controlling question of law as to which there is a substantial ground for difference of opinion, and that an immediate appeal may materially advance the ultimate termination of the litigation.

Plaintiffs first seek certification on the issue of whether emotional distress damages are available in negligence and negligent representation actions. It is very well settled in California that recovery for the inevitable distress resulting from finding oneself the victim of a negligent tortfeasor is not recognized unless malice, breach of certain limited fiduciary duties, physical injury or impact, or some other unusually extreme or outrageous circumstance can be shown. <u>Friedman</u>, 107 Cal. App. 4th at 484 (citing <u>Branch v. Homefed Bank</u>, 6 Cal.App.4th 793, 801). In fact, absent impact or physical injury, emotional distress damages have only been allowed where the negligence is of a type which will cause highly unusual as well as predictable emotional distress. <u>Friedman</u>, 107 Cal. App. 4th at 464.

Plaintiffs essentially reargue that Defendants owed Plaintiffs a fiduciary duty as insurers and that Defendants' revocation of the insurance contract was a breach of that special duty. Plaintiffs then reason that the breach of an insurers' fiduciary duty is excepted from the bar against emotional

8

distress damages in negligence and negligent misrepresentation cases. Plaintiffs' argument in this regard is based on some limited authority permitting such damages for breach of the covenant of good faith and fair dealing in insurance contract breach actions.[4] In addition, Plaintiffs urge that the underlying insurance contract has, as its object, the Plaintiffs' emotional condition further entitling them to emotional distress damages. See generally id.

Even assuming that Plaintiffs could show that Defendants were in a special relationship with Defendants vis-a-vis the existence of the insurance contract and that Defendants breached a fiduciary duty to Plaintiffs as insurers, Plaintiffs' claim must nonetheless fail because they cannot show that that the alleged negligence is of a type which would cause "highly unusual as well as predictable emotional distress." Id. at 464. To be sure, this case is nothing akin to a mortuary mishandling human remains or a doctor telling a patient to advise her husband that she has syphilis. See id. at 485. Just as in Friedman, nothing in this case suggests defendants should have foreseen Plaintiffs' sensitive emotional response. In addition, this Court has clearly held that the Plaintiffs' emotional condition is not the object of the insurance contract underlying this action further eroding Plaintiffs' untenable argument. (Mem. & Order 4-5, August 15, 2005).

---

[4] The Court stresses that no California case has permitted the recovery of emotional distress damages for negligent revocation of an insurance contract. Rather, the clear line of authority permits such damages only in breach of the covenant of good faith and fair dealing inherent in an insurance contract.

9

Because Plaintiffs have failed to raise a question of law, let alone a controlling question of law, their request for certification of the foregoing question must be denied.

**b.  Attorney's Fees**

Plaintiffs also request that the Court certify whether a showing of exceptional circumstances is required when seeking an award of attorney's fees under the tort of another doctrine. Plaintiffs' argument in this respect is identical to its argument set forth in Section 1 seeking reconsideration. Specifically, Plaintiffs aver that exceptional circumstances need not be shown when seeking attorney's fees under the tort of another doctrine. Although the Gray decision arguably narrows the exceptional circumstances requirement, Plaintiffs' motion for certification must nonetheless be denied.

Plaintiffs cannot prevail on this motion because they cannot show that seeking appellate review of this question will advance the ultimate termination of this litigation.  In fact, resolving the foregoing question is quite irrelevant to this litigation because the Court has not based its denial of Plaintiffs' request for attorney's fees on whether Plaintiffs satisfactorily showed any exceptional circumstances.  Rather, the Court's holding is based on the fact that Plaintiffs cannot show that there is a causal nexus between Defendants' conduct and the underlying state court action.  Consequently, Plaintiffs' motion is denied.
//
//

10

**CONCLUSION**

This Court declines to revisit its earlier decision to strike Plaintiffs' request for attorney's fees because Plaintiffs have failed to show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  In fact, Plaintiffs' motion to reconsider merely reiterates the precise arguments that have been twice rejected by this Court.  The Court has unambiguously articulated its position and grows weary of restating what it has already said.  Plaintiffs' counsel has presented no facts or circumstances that would give rise to a proper motion for reconsideration.  Accordingly, that motion is DENIED.

Similarly, with respect to Plaintiffs' motion to certify questions of law, Plaintiffs have failed to show any exceptional circumstances that would justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.  Further, Plaintiffs have presented no questions of controlling law that would advance the termination of this litigation, but instead, simply ask this Court to reexamine facts it has previously decided.  Consequently, Plaintiffs' motion to certify questions of law is DENIED.

//
//
//
//
//
//

Plaintiff's counsel is cautioned that continuing to file motions on issues which have previously been disposed of by this Court may result in further action being taken by the Court, which may include sanctions.

IT IS SO ORDERED.

DATED: November 4, 2005

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE